IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 28 2010

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> **VALLEY MOTORS, INC.** ) <br> ) <br> Defendant. ) | CIVIL ACTION NO. <br> 4-10-CV-1420WRW-WM <br><br> COMPLAINT <br><br> JURY TRIAL DEMAND <br> This case assigned to District Judge Wilson <br> and to Magistrate Judge Ray |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Pamela Profitt who was discharged in retaliation for engaging in protected activity. As alleged with greater particularity in paragraph 7a-j below, Plaintiff Equal Employment Opportunity Commission alleges that Defendant discharged Ms. Profitt in retaliation for complaining that she was denied transfer to the pre-owned lot because of her sex.

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for Eastern District of Arkansas, Western Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C.§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Valley Motors, Inc., (the "Defendant Employer"), has continuously been an Arkansas corporation doing business in the State of Arkansas and the City of Russellville and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Pamela Profitt filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least March of 2008 and continuing, Defendant Employer engaged in unlawful employment practices at its Russellville, Arkansas facility, in violation of Section 704(a) of Title VII, 42 U.S.C. §§2000e-3(a). The unlawful employment practices include, but are not limited to, terminating Pamela Profitt in retaliation for complaining that Defendant

2

Employer discriminated against based on her sex, female.

  a. Profitt was hired as a sales consultant in March of 2008 with the understanding she would work on the pre-owned car lot.

  b. Following her hire Profitt was not assigned to the pre-owned lot but was told she would be transferred there after she received Nissan and Chrysler certifications.

  c. Profitt obtained the required Nissan and Chrysler certifications, but was not transferred to the pre-owned lot.

  d. Although Profitt repeatedly requested transfer to the pre-owned lot, at least four vacancies were filled by male sales consultants who were either transferred or hired to work on that lot.

  e. On or about May 20, 2009, Profitt spoke with Owner John Harris regarding Defendant Employer's failure to transfer her. Harris agreed to schedule a meeting with the lot managers to discuss her request.

  f. Because the meeting with lot managers never occurred, on or about June 26, 2009, Profitt sent a certified letter to Mr. Harris in which she complained that Defendant Employer had not transferred her to work the pre-owned lot because of her gender.

  g. Mr. Harris received Profitt's letter on or about June 30, 2009.

  h. Profitt's employment was terminated on July 6, 2009, for alleged poor selling habits and inability to get along with co workers.

  i. During her employment Profitt was never disciplined or counseled with regard to bad selling habits or inability to get along with co workers.

  j. Harris terminated Profitt because she complained that she had been discriminated

against because of her sex.

8. The effect of the practices complained of in Paragraph 7a-j above has been to deprive Pamela Profitt of equal employment opportunities and otherwise adversely affect her status as an employee because of retaliation.

9. The unlawful employment practices complained of in Paragraph 7a-j were and are intentional.

10. The unlawful employment practices complained of in Paragraph 7a-j were done with malice or with reckless indifference to the federally protected rights of Pamela Profitt.

### **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, employees, attorneys, and all persons in active concert or participation with it, from engaging in retaliation and from discharging any employee for complaining of any federally protected rights.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Pamela Profitt by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and all other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, expungement of personnel records and restoration of all benefits to which Pamela Profitt would have been entitled from the date of her unlawful discharge to the present.

D.  Order Defendant Employer to make whole Pamela Profitt by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 7a-j above, including job search and replacement benefits' expenses, out-of-pocket medical expenses, in amounts to be determined at trial.

E.  Order Defendant Employer to make whole Pamela Profitt by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraph 7a-j above, including emotional pain and suffering, humiliation and inconvenience, in amounts to be determined at trial.

F.  Order Defendant Employer to pay Pamela Profitt punitive damages for its malicious and reckless conduct described in Paragraph 7a-j above, in an amount to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*Faye A. Williams by PD*
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 011730

*Celia S. Liner by PD*
CELIA S. LINER
Acting Supervisory Trial Attorney
AR Bar No. 90183

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Memphis District Office
1407 Union Avenue, Suite 901
Memphis, Tennessee 38104
(901) 544-0088
(901) 544-0075

*/s/ Pamela B. Dixon*
**PAMELA B. DIXON**
Senior Trial Attorney
AR Bar No. 95085

*/s/ Markeisha Savage*
**MARKEISHA SAVAGE**
Trial Attorney
TN Bar No. 024693

EQUAL EMPLOYMENT
 OPPORTUNITY COMMISSION
Little Rock Area Office
820 Louisiana St., Suite 200
Little Rock, Arkansas  72201
(501) 324-5065
(501) 324-6474

pamela.dixon@eeoc.gov
markeisha.savage@eeoc.gov