FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 0 5 2011

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 4:10-CV-1420 SWW |
| VALLEY MOTORS, INC. | ) ) | |
| Defendant. | ) ) | |

## CONSENT DECREE

The Equal Employment Opportunity Commission filed the abovementioned action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Pamela Profitt who was allegedly discharged in retaliation for engaging in protected activity. The Commission alleges that Valley Motors, Inc. discharged Ms. Profitt from her position as a sales associate in retaliation for complaining that Defendant denied her transfer to the pre-owned lot because of her sex. Defendant denies these allegations.

In lieu of further litigation, the parties have agreed to settle this matter with the entry of this Decree. Each party's signature is an acknowledgement of its agreement with the full terms of this Decree.

## JURISDICTION

1. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Arkansas, Western Division. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

## DURATION OF DECREE

2. This Decree shall be in effect for two years from the date of entry with the Court.

## INJUNCTIVE RELIEF

3. Defendant is enjoined from retaliating against Pamela Profitt or any other employee because he/she has opposed alleged unlawful employment practices.

4. Defendant is enjoined from retaliating against Pamela Profitt or any other employee because he/she made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing related to alleged employment discrimination.

## TRAINING

5. Within 60 days of entry of this Decree, Defendant will create an Equal Employment and Non-Discrimination policy prohibiting unlawful employment discrimination. This policy will include a clause prohibiting unlawful retaliation.

6. Defendant will provide Trial Attorney Markeisha Savage with a copy of this new policy within 60 days of entry of this Decree. The copy should be emailed to Ms. Savage at markeisha.savage@eeoc.gov.

7. All employees shall receive two hours of anti-retaliation training within 90 days of entry of this Decree. This includes training on the new Equal Employment and Non-Discrimination policy.

8. Each employee will sign a statement acknowledging that he/she has received a copy of this new policy and participated in the related two-hour mandatory training. A copy of each employee's signed statement will be maintained in his/her personnel file.

9. Each staff member hired after Defendant has conducted the mandatory policy training shall receive a copy of the new Equal Employment and Non-Discrimination policy within 90 days of hire.

10. Each new member of Defendant's management and/or supervisory level staff hired after Defendant has conducted the mandatory anti-retaliation training, shall be trained within 30 days of assuming his/her new management position.

11. Each newly-trained member of management shall sign a statement indicating that he/she has received this mandatory anti-retaliation training. A copy of this signed statement shall be kept in each employee's personnel file.

12. The focus of this anti-retaliation training shall include but not be limited to the subtopics of "protected activity" and "adverse action".

13. The trainings on the Equal Employment and Non-Discrimination policy and anti-retaliation shall be conducted by an Attorney or Human Resources professional with specialized knowledge of employment discrimination law.

14. Within 120 days of entry of this Consent Decree, Defendant shall provide the Commission with copies of the training materials and related documentation

showing that all training requirements for both the general staff and the supervisory and management personnel have been satisfied. The aforementioned documentation shall include the names and positions of individuals attending the trainings and a signed roster to verify attendance. The material should be emailed to Trial Attorney Markeisha Savage at markeisha.savage@eeoc.gov.

## INDIVIDUAL RELIEF

15. Defendants will pay to Ms. Profitt $30,000 in damages within 15 days of the Effective Date of this Decree and shall issue a 1099 form for this amount.

16. Defendant shall send the check via certified mail to Pamela Profitt at 1620 Middle Road #607, Conway, AR 72032. At the same time, a copy of the check and any related correspondence shall be emailed to Trial Attorney Markeisha Savage at the email address provided above.

## POSTINGS AND POLICIES

17. Defendant shall continue to conspicuously post the most recent notice (poster) required by Title VII.

18. Within 30 days of the entry of this Decree, Defendant shall post a Notice regarding the settlement of this matter and Defendant's policy on discrimination. See Appendix A. This Notice shall be posted in a conspicuous location that is accessible to all employees. The Notice will remain posted for a period of at least one year.

## REPORTING

19. Defendant shall provide the EEOC with two reports of complaints of unlawful retaliation. Each report shall include:

a. The name of the complaining employee;

b. Detailed facts about the employee's complaint;

c. Any action taken by Defendant in response to the complaint;

d. The final resolution of the complaint; or

e. "Defendant has not received any complaints of unlawful retaliation during this reporting period".

20.	Defendant's first report shall be due 12 months following the entry of this Decree. The last report shall be due 30 days prior to the expiration of this Decree. Each report shall be emailed to Trial Attorney Markeisha Savage at the email address provided above.

## NEUTRAL REFERENCE

21.	Defendant shall provide neutral job references upon request to any future employer of Pamela Profitt. Any such neutral reference shall be substantially identical to the form attached as Appendix B. No mention of Ms Profitt's charge of discrimination or this lawsuit shall be made as part of the neutral reference.

## NO ADMISSION OF LIABILITY

22.	All parties acknowledge that this Consent Decree is being entered into as a compromise resolution of this matter. It is acknowledged by entering into this Consent Decree the Defendant does not admit any liability or violation of any law or regulation concerning any employment related decision involving Pamela Profitt.

## NOTIFICATION OF SUCCESSORS

23.	If ownership of Defendant's organization changes during the term of this Decree, Defendant is responsible for providing the successor with notice of this Decree

and the related lawsuit. Any successor assuming ownership during the term of this Decree shall be liable for any violation or non-compliance.

## ENFORCEMENT

24. If Defendant fails to comply with the terms of this Decree, the Commission reserves the right to seek enforcement with United States District Court for the Eastern District of Arkansas, Western Division. The Commission shall provide Defendant at least 10 days notice of the breach prior to seeking relief in federal court.

## COSTS

25. Each party will be responsible for its own costs, expenses and attorneys' fees.

*/s/ Susan Webber Wright*
Susan Webber Wright
United State District Judge

DATE: 12-5-11

FOR DEFENDANT:

*signature*

**MICHAEL L. ALEXANDER**
BARBER, McCASKILL, JONES, & HALE, P.A.
2700 Regions Center
400 West Capitol
Little Rock, AR 72201
(501) 372-6175

FOR THE COMMISSION:

**P. DAVID LOPEZ**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

*signature*

**FAYE A. WILLIAMS**
Regional Attorney

*signature*

**JOSEPH M. CROUT**
Supervisory Trial Attorney

EQUAL EMPLOYMENT
 OPPORTUNITY COMMISSION
1407 Union Avenue, Suite 901
Memphis, TN 38104
(901) 544-0088
(901) 544-0136

*signature*

**PAMELA B. DIXON**
Senior Trial Attorney

*signature*

**MARKEISHA K. SAVAGE**
Trial Attorney

EQUAL EMPLOYMENT
 OPPORTUNITY COMMISSION
Little Rock Area Office
820 Louisiana, Suite 200
Little Rock, Arkansas 72201
(501) 324-5065
(501) 324-6474

## APENDIX A

## NOTICE

1. This Notice is posted as part of an agreement between Valley Motors and the Equal Employment Opportunity Commission (EEOC) to post this notice for 1 year to reinforce the Company's policies concerning retaliation under Title VII.

2. As part of the agreement, Valley Motors has agreed to train its employees on the prevention of retaliation in the workplace.

3. Valley Motors is committed to complying with Title VII in all respects and will not take any action against employees because they have opposed employment practices made illegal by Title VII or exercised their rights under the law by filing charges with the EEOC, or because they testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under Title VII.

4. If you believe that you have been discriminated against due to retaliation, you may contact the EEOC at the following national toll free number: 1-800-669-4000. If you have a TTY device for hearing impaired: TTY Number is 1-800-669-6820. You may also contact the EEOC's Little Rock Area Office at the following number: 1-501-324-5014 (TTY)

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE.**

This notice must remain posted for 1 year from the date below, and must not be altered, defaced, or covered by any material.

_____
VALLEY MOTORS, INC.
JOHN HARRIS, PRESIDENT


_____
DATE

## APPENDIX B

## NEUTRAL REFERENCE

Dear _____,

This letter is in reference to your request for information regarding the employment of Pamela Profitt.

Ms. Profitt served as a Sales Associate for Valley Motors, Inc. in Russellville, Arkansas from March 31, 2008 to July 6, 2009. Company policy does not permit us to give out any more information concerning Ms. Profitt's employment.

I am sure Ms. Profitt can provide you with the details concerning her duties at Valley Motors, Inc. I hope this information is helpful and that it satisfactorily answers your inquiry.

Very truly yours,


_____

For Valley Motors, Inc.